1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

| | |
|---|---|
| KIM R. LOPEZ, ) | |
| ) | No. CV-09-3076-CI |
| Plaintiff, ) | |
| ) | ORDER DENYING PLAINTIFF'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner ) | MOTION FOR SUMMARY JUDGMENT |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

14       BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct.

15  Rec. 17, 22.)   Attorney D. James Tree represents Kim Lopez

16  (Plaintiff); Special Assistant United States Attorney Mathew W. Pile

17  represents the Commissioner of Social Security (Defendant).   The

18  parties have consented to proceed before a magistrate judge. (Ct.

19  Rec. 7.)  After reviewing the administrative record and briefs filed

20  by the parties, the court **DENIES** Plaintiff's Motion for Summary

21  Judgment, and directs entry of judgment for Defendant.

22                              **JURISDICTION**

23       Plaintiff protectively filed for Supplemental Security Income

24  (SSI) on April 19, 2006.  (Tr. 130.)  She alleged disability due to

25  rheumatoid arthritis with an onset date of December 1, 2004. (Tr.

26  106.)   Benefits were denied initially and on reconsideration.

27  Plaintiff timely requested a hearing before an administrative law

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

judge (ALJ), which was held before ALJ Gene Duncan on October 30, 2008. (Tr. 25-64.) Plaintiff, who was represented by counsel, and vocational expert Fred Cutler(VE) testified. The ALJ denied benefits on March 4, 2009, and the Appeals Council denied review. (Tr. 1-4, 7-24.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1   still be set aside if the proper legal standards were not applied in

2   weighing the evidence and making the decision. *Brawner v. Secretary*

3   *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

4   there is substantial evidence to support the administrative

5   findings, or if there is conflicting evidence that will support a

6   finding of either disability or non-disability, the finding of the

7   Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

8   1230 (9th Cir. 1987).

9                   **SEQUENTIAL EVALUATION**

10       Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

11  requirements necessary to establish disability:

12          Under the Social Security Act, individuals who are
13  "under a disability" are eligible to receive benefits. 42
    U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
    medically determinable physical or mental impairment"
14  which prevents one from engaging "in any substantial
    gainful activity" and is expected to result in death or
15  last "for a continuous period of not less than 12 months."
    42 U.S.C. § 423(d)(1)(A). Such an impairment must result
16  from "anatomical, physiological, or psychological
    abnormalities which are demonstrable by medically
17  acceptable clinical and laboratory diagnostic techniques."
    42 U.S.C. § 423(d)(3). The Act also provides that a
18  claimant will be eligible for benefits only if his
    impairments "are of such severity that he is not only
19  unable to do his previous work but cannot, considering his
    age, education and work experience, engage in any other
20  kind of substantial gainful work which exists in the
    national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus,
21  the definition of disability consists of both medical and
    vocational components.
22
            In evaluating whether a claimant suffers from a
23  disability, an ALJ must apply a five-step sequential
    inquiry addressing both components of the definition,
24  until a question is answered affirmatively or negatively
    in such a way that an ultimate determination can be made.
25  20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
    claimant bears the burden of proving that [s]he is
26  disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
    1999). This requires the presentation of "complete and
27  detailed objective medical reports of h[is] condition from
    licensed medical professionals." *Id*. (citing 20 C.F.R. §§
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 44 years old, unmarried, and living in a small trailer in her father's back yard. (Tr. 43.) At the hearing, Plaintiff testified she attended special education classes through 11th grade before dropping out of school. (Tr. 47.) She stated she had no vocational training and had not obtained her high school equivalency degree. (Tr. 28-29.) In her written report however, she indicated she completed high school and did not attend special education classes. (Tr. 110.) She had past work experience as an

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

agricultural products sorter/packer and as a fast food server.  (Tr. 31, 112.)  Plaintiff testified she was last employed in 2001, but worked sporadically without pay for her father in his landscaping business.  (Tr. 43.)  She reported taking prescription medication, which she thought was making her arthritis better.  (Tr. 44.)  She stated she had good days and bad days, and was able to cook, do dishes, clean the house, and do yard work.  She also reported she enjoyed her hobbies of drawing, crocheting, and embroidery.  (Tr. 35-37.)  Regarding her exertional abilities, she testified she could stand 20 to 25 minutes, walk a half of a mile, and lift 20 pounds. (Tr. 37.)  She stated she had looked for work but was turned down due to lack of experience and education.  (Tr. 31.)  She also stated she could not work full time because of arthritic pain and swelling her knee, elbow, shoulder, wrists, fingers, hips, and ankles.  (Tr. 31-32, 34.)

### ADMINISTRATIVE DECISION

At step one, ALJ Duncan found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 12.)  At step two, he found Plaintiff had severe impairments of rheumatoid arthritis (polyarticular inflammatory arthritis) and right shoulder crepitus.  (*Id*.)  He found medical diagnoses in the record of cervical cancer, psoriasis, gastroesophageal reflux disease, obesity, hip bursitis, mild depression/adjustment disorder, and a trigger finger problem were non-severe impairments.  (Tr. 13.) At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1 (Listings).  (Tr. 15.)  At step four, the ALJ determined Plaintiff

2 had the residual functional capacity (RFC) to perform light work,

3 with occasional postural limitations, the need to "avoid overhead

4 work, work involving forcible torqueing or twisting of objects, and

5 climbing ladders, ropes, and scaffolds." (Tr. 16.)  He also limited

6 her to work environments with no exposure to cold or wet weather; no

7 restaurant or food sales; and no face to face contact with the

8 general public. (*Id.*)  He found she could perform simple routine

9 work, frequently handle objects, and frequently reach with the right

10 upper extremity.  (*Id.*)

11      In his step four findings, the ALJ summarized Plaintiff's

12 testimony, made credibility findings, and concluded her statements

13 regarding the severity of her functional limitations were not

14 credible to the extent they were inconsistent with the RFC findings.

15 (Tr. 17-21.)   Based on the RFC and VE testimony, the ALJ concluded

16 Plaintiff could not perform her past work as an agricultural sorter

17 or packager or as a fast food worker.  (Tr. 22.)  Proceeding to step

18 five, the ALJ considered VE testimony and found there were a

19 significant number of light, unskilled jobs in the national economy

20 Plaintiff could perform.  (Tr. 23.)  He concluded Plaintiff was not

21 disabled, as defined by the Social Security Act, from the date her

22 application for benefits was filed through the date of his decision.

23 (Tr. 24.)

24                              **ISSUES**

25      The question is whether the ALJ's decision is supported by

26 substantial evidence and free of legal error.  Plaintiff argues the

27 ALJ erred when he: (1) rejected the opinions of treating physician

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

1  Peter Harveson, M.D., and nurse practitioner Sandra Carollo, and (2)

2  failed to meet his burden at step five. (Ct. Rec. 18 at 7.)

3

4                              **DISCUSSION**

5  **A.    Evaluation of Medical Evidence**

6       In disability proceedings, the ALJ evaluates the medical

7  evidence submitted and must explain the weight given to the opinions

8  of accepted medical sources in the record.   20 C.F.R. § 416.927.

9  A treating physician's opinion carries more weight than an examining

10 physician's, and an examining physician's opinion carries more

11 weight than a non-examining reviewing or consulting physician's

12 opinion.  *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004);

13 *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The Commissioner

14 must provide "clear and convincing" reasons for rejecting the

15 uncontradicted opinion of a treating or examining physician."

16 *Lester*, 81 F.3d at 830.  If the medical opinion is contradicted, it

17 can only be rejected for specific and legitimate reasons that are

18 supported by substantial evidence in the record.  *Andrews,* 53 F.3d

19 at 1043.

20      The Commissioner can meet this burden by providing "a detailed

21 and thorough summary of the facts and conflicting clinical evidence,

22 stating  his  interpretation  thereof,  and  making  findings."

23 *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(*quoting Cotton

24 v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). Historically, the

25 courts have recognized conflicting medical evidence, the absence of

26 regular medical treatment during the alleged period of disability,

27 and  the  lack  of  medical  support  for  doctors'  reports  based

28

substantially on a claimant's subjective complaints as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The ALJ need not accept a treating source opinion that is "'brief, conclusory and inadequately supported by clinical findings.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (*quoting Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Medical opinions based on a claimant's subjective complaints may be rejected where the claimant's credibility has been properly discounted.[1] *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005)(credibility properly considered in evaluating medical evidence); *Tonapetyan v. Halter*, 242 F.3d 1144,

---

[1] The ALJ's credibility findings are specific, "clear and convincing" and unchallenged. (Tr. 19-21.) He properly noted objective evidence of exaggeration of symptoms, (Tr. 21), instances of inconsistency between Plaintiff's statements to medical providers and her testimony, inconsistencies between testimony and her written reports, a range of daily activities inconsistent with her alleged limitations, a lack of candor about past drug abuse, and her hearing testimony that her condition had improved over the last two years. (Tr. 19-20.) These legally sufficient reasons to discount Plaintiff's allegations are supported by substantial evidence in the record, which is appropriately referenced by the ALJ in his decision. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999); *Flaten*, 44 F.3d at 1463-64.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

1 | 1149 (9th Cir. 2001).   Rejection of a medical source opinion is

2 | specific and legitimate where the medical source's opinion is not

3 | supported by his or her own medical records and/or objective data.

4 | *Tommasetti v. Astrue*, 533 F.3d 1035, (9th Cir. 2008).

5 | The record shows Amber Figueroa, D.O. and Dr. Harveson were

6 | Plaintiff's treating physicians at the Yakima Valley Farm Workers

7 | Clinic between 2006 and 2008. (Tr. 152-62, 167-70, 212-13, 275-82.)

8 | Dr. Figueroa referred Plaintiff to nurse practitioner Sandra Carollo

9 | for assessment March 2006 for assessment and treatment of possible

10 | rheumatoid arthritis.  (Tr. 158-59.)  On March 22, 2006, Ms. Carollo

11 | examined Plaintiff and observed fairly good movement of neck,

12 | shoulders, elbows, wrists, no remarkable tenderness of joints, a

13 | very small amount of swelling on two fingers, but good grip and fist

14 | formation.  Also noted were good movement of the hips, good range of

15 | motion of ankles and some small irritability of left hip.   (Tr.

16 | 157.)    Based on laboratory test results, Ms. Carollo diagnosed

17 | Plaintiff with probable rheumatoid arthritis and began treating her

18 | with medication. (Tr. 156-57.)  The record does not contain evidence

19 | that Ms. Carollo examined Plaintiff again before she completed an

20 | agency physical evaluation form on May 5, 2006, and opined Plaintiff

21 | was limited to sedentary level work.   (Tr. 153, 164-65.)

22 | In a clinic note dated June 7, 2006, Dr. Harveson examined

23 | Plaintiff for the first time, and noted "really good" range of

24 | motion of her shoulder and no tenderness to palpation, no swelling

25 | of the fingers, unremarkable tenderness to palpation of the knee.

26 | He observed her arthritis "seems to be very well controlled" with

27 | medication.   (Tr. 168.)  On August 7, 2007, Dr. Harveson examined

28 |

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

Plaintiff for a disability evaluation.  (Tr. 167.)  He noted her documented rheumatoid arthritis, and concurred with Ms. Carollo's findings on the May 5, 2006, evaluation.  (*Id*.)  He opined Plaintiff could not do manual labor but "could do a sedentary job as long as she is able to get up and move around" and take breaks.  (*Id*.)  He completed a physical evaluation form, dated August 7, 2006, in which he noted moderately severe limits in "grasping, keyboarding, pulling," a limitation of lifting ten pounds occasionally, and avoidance of repetitive manual activity.   (Tr. 272-73.)   Dr. Harveson opined her overall work level was "sedentary," which is defined in the form as "the ability to lift 10 pounds maximum and frequently lift and/or carry such articles as files and small tools. A sedentary job may require sitting, walking and standing for brief periods."  *Id*.

On July 24, 2007, Dr. Harveson completed a second physical evaluation form, opining Plaintiff was limited to a sedentary work level by moderately severe rheumatoid arthritis; he also noted Plaintiff's reported lack of stamina and opined repetitive work would be hard on her joints.  (Tr. 275-78.)  Less than one year later, on June 30, 2008, he completed a third physical evaluation form in which he opined Plaintiff was capable of performing medium work, that she was being treated with medication and needed physical therapy.   He rated her severity level as mild in the areas of lifting, carrying and handling.  (Tr. 279-82.)

ALJ Duncan gave a detailed summary of the medical evidence in his decision, referencing Ms. Carollo's and Dr. Harveson's findings, as well as those from orthopedic specialist John Adkison, M.D., and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

arthritis/rheumatology specialist Zhiqian Roger Wang, M.D., from the University of Washington.   (Tr. 12-13.)   At step four, in his discussion of Plaintiff's RFC and credibility, the ALJ specifically gave little weight to Ms. Carollo's May 5, 2006, opinion and to Dr. Harveson's August 7, 2006, and July 24, 2007, opinions regarding Plaintiff's limitation to sedentary work. (Tr. 21.)

Plaintiff argues the ALJ should have deferred to the opinions of Ms. Carollo and Dr. Harveson because their opinions warrant significant weight as treating medical sources.  (Ct. Rec. 18 at 11-14.)   Plaintiff also claims the ALJ inappropriately "put himself in the position of a medical expert," when he rejected medical source opinions.   (Ct. Rec. 24 at 4.)   These arguments are unpersuasive because (1) at the time the rejected opinions were given, neither provider qualified as a "treating physician," as defined by case law and the Social Security Regulations (Regulations); (2) the ALJ gave legally sufficient reasons for rejecting the sedentary work limitation; and (3) a medical source opinion is only controlling as to medical issues, and not as to issues reserved to the Commissioner, such as residual functional capacity and disability. *SSR* 96-2p; *see also SSR* 96-5p (policy ruling to clarify the difference between a medical source opinion and administrative assessment of residual functional capacity.)

1.   Treating Medical Sources

The regulations distinguish among the opinions of three types of physicians: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1  based upon a review of the claimant's medical records.  20 C.F.R. §

2  416.927.   A  treating physician's opinion is given special weight

3  because he or she is employed to cure and has a greater opportunity

4  to observe the claimant's physical condition over a period of time.

5  *Fair*, 885 F.2d at 604-05; *Murray v. Heckler*, 722 F.2d 499, 502  (9th

6  Cir. 1983).  As explained in the Regulations, more weight is given

7  to a medical professional who can provide a detailed, longitudinal

8  picture of a claimant's medical impairment and "bring a unique

9  perspective to the medical evidence that cannot be obtained from the

10 objective medical findings alone."  20 C.F.R. § 416.927.

11      Here, Ms. Carollo, as a nurse practitioner, is not an

12 acceptable medical source and cannot be considered a treating

13 physician qualified to diagnose a medical impairment.  20 C.F.R. §

14 416.913(a).  However, she is a medical "other source" whose opinion

15 must be considered regarding how a claimant's impairments affect his

16 ability to work.  20 C.F.R. § 416.913(d)(1).  The ALJ must explain

17 the weight given medical "other source" opinions in his evaluation

18 of the evidence.  *SSR* 96-03p.  The record indicates Ms. Carollo had

19 seen Plaintiff one time before opining as to Plaintiff's

20 limitations; therefore, there is no evidence of a longstanding

21 treatment relationship with Plaintiff that would entitle her opinion

22 to significant weight under *SSR* 06-03p. [2]  Plaintiff's argument that

23

24

_____

25      [2]  In evaluating a medical "other source" opinion, the ALJ

26 should consider the length of the treating relationship, the nature

27 and extent of the treatment relationship, whether the opinion is

28 supported by and consistent with other evidence in the record, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1  Ms. Carollo's opinion warranted significant weight fails.

2       Likewise, Dr. Harveson did not have an established treatment

3  relationship with Plaintiff on August 7, 2006, when he concurred

4  with Mr. Carollo's opinion that Plaintiff was limited to sedentary

5  work.  (Tr. 167.)  Further, his clinic note indicates he relied on

6  Ms. Carollo's assessment rather than his own independent findings

7  and assessment.  (*Id*.)  Dr. Harveson's 2006 opinion that Plaintiff

8  was limited to sedentary work was not based on a lengthy personal

9  relationship or a longitudinal perspective and, therefore, does not

10 warrant the special weight generally given to treating physicians.

11      2.   Rejection of Medical Source Opinions

12      Nonetheless, if a treating or examining physician's opinion is

13 not contradicted, it can be rejected only with "clear and

14 convincing" reasons.  *Lester*, 81 F.3d at 830.  If contradicted, the

15 ALJ may reject the opinion if he states specific, legitimate reasons

16 that are supported by substantial evidence.  *Flaten*, 44 F.3d at

17 1463; *Fair*, 885 F.2d at 605.  An "other source" opinion can be

18 rejected with specific reasons "germane" to the source.  *Nguyen v.*

19 *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  Here, the ALJ explained

20 the weight given Dr. Harveson's and Ms. Carollo's opinions by

21 providing the requisite specific and legitimate reasons for

22 rejecting a contradicted medical source opinions. [3] *See SSR* 96-2p.

23

24 ──────────────

    the expertise of the provider.  *SSR* 06-03p.
25
       [3]   The record shows Dr. Harveson's assessment of sedentary
26
    level work is contradicted by the opinions of agency reviewing
27
    physician Morris Fuller, M.D.; therefore, the "specific and
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

1

2   For example, he found the rejected "sedentary work" opinions

3 were not supported by examination findings and observations reported

4 by the examining providers.  This finding is supported by clinic

5 notes from Dr. Amber Figueroa, Ms. Carollo, and Dr. Harveson in

6 which the medical providers noted good movement without swelling or

7 tenderness, good range of motion, and symptoms well-controlled with

8 medication.   (Tr. 21, 154, 156-57, 167-69.)   A finding that a

9 medical source's opinion is not supported by his or her own notes is

10 a legally sufficient reason to discount that opinion.   *See*

11 *Tommasetti*, 533 F.3d at 1041.

12   In addition, the ALJ noted contemporaneous medical evidence

13 from other medical sources did not support the degree of limitation

14 opined by Ms. Carollo in 2006, and Dr. Harveson in 2006 and 2007.

15 (Tr. 21-22.)   This finding is amply supported by evidence from

16 orthopedic specialist Dr. Adkison, who noted Plaintiff described her

17 arthritis as "intermittently causing swelling in multiple joints."

18 (Tr. 171.)   However, on examination, Dr. Adkison observed no joint

19 issues, a normal hand examination, no tenderness, no mobility

20 problems with the wrist, full range of motion of the elbow and

21 ─────────────────────

22 legitimate" standard applies.   (*See* Tr. 184-89.)   Dr. Fuller

23 reviewed the medical record as of November 2006, which included a

24 report from an orthopedic specialist John Adkison, M.D., that was

25 not available to Dr. Harveson at the time he completed his 2006

26 evaluation.   *See infra* page 14-15.   Referencing Dr. Adkison's

27 findings, Dr. Fuller found Plaintiff capable of light level work

28 with occasional postural limitations.   (Tr. 184-85, 190.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

forearm, and clear evidence of calluses on her palm, demonstrating "excellent function of her hand in regard to the arthritis issue." (Tr. 172.)  As a result of the examination, Dr. Adkison determined surgery was not necessary, and Plaintiff declined treatment by injection.  (*Id.*)  Because Dr. Adkison is a specialist in orthopedics, and his August 21, 2006, assessment is inconsistent with Dr. Harveson's August 7, 2006, unsupported opinion, the ALJ did not err in rejecting the degree of limitation assessed by Dr. Harveson.  20 C.F.R. § 416.927(d)(3),(4), and (5).

The ALJ's rejection of the sedentary level limitation as inconsistent with medical evidence is also supported by Dr. Wang's evaluation, notes and test results from 2007 and 2008.  (Tr. 214-69.)   At those appointments, Plaintiff reported improvement with new medication, non-significant morning stiffness that lasted about one half hour. (Tr. 221, 226, 232.)  By July 2008, Dr. Wang noted "essentially normal" laboratory levels, and occasional use of ibuprofen to relieve pain.  (Tr. 236-37.)  Dr. Wang recorded no observations of disabling symptoms.  Left hip pain was identified as bursitis and follow-up with her primary care provider for physical therapy was recommended.

Significantly, Dr. Harveson's 2008 physical evaluation form, completed after two years as her treating physician, indicates Plaintiff was capable of medium work.  (Tr. 281.)  This assessment appears to be based on and supported by Dr. Wang's objective test results and specialist interpretations.  (*See e.g.* Tr. 210.) Independent review of the entire record indicates the ALJ's evaluation of treating and examining medical source evidence is a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

rational interpretation of the evidence, and an appropriate resolution of conflicting opinions.[4]   The ALJ did not err in his evaluation of the medical evidence.

### 3.   Issues Reserved to the Commissioner

Although medical source opinions (examining and non-examining) must always be considered by the ALJ, and his reasoning must meet legal standards and be supported by substantial evidence, it is well-settled that in disability proceedings, the final determination of a claimant's ability to perform work is the province of the ALJ. *Richardson,* 402 U.S. at 400.   To warrant controlling weight, a treating medical source opinion must be well-supported and consistent with other medical evidence in the record.   20 C.F.R. § 416.927.   Nonetheless, an ALJ is not bound by a treating source opinion on the ultimate question of a claimant's ability to perform work-related tasks.

**B.   RFC Determination and Step Five Findings**

The RFC determination represents the most a claimant can still do despite his or her physical and mental limitations.   20 C.F.R. §

---

[4]   Plaintiff's contention that the ALJ erred by "putting himself in the place of a medical expert" to resolve the conflicting opinions is without merit. (*See* Ct. Rec. 24 at 4.)   Even where an ALJ exercises his or her discretion in obtaining medical expert testimony to assist in evaluating medical evidence, resolution of conflicts in medical evidence is the sole responsibility of the ALJ, not the medical expert.   *Andrews,* 53 F.3d at 1041; *see also Magallanes,* 881 F.2d at 751; *Sample v. Schweiker*, 694 F.2d 639 (9th Cir. 1982).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

1   416.945.  The final determination regarding a claimant's ability to

2   perform basic work is the sole responsibility of the Commissioner.

3   20 C.F.R. § 416.946; *SSR* 96-5p.  No special significance is to be

4   given to a medical source opinion on issues reserved to the

5   Commissioner.  20 C.F.R. § 416.927(e). Thus, an RFC assessment is

6   not a "medical issue" under the Regulations; it is an administrative

7   finding based on all relevant evidence in the record, not just

8   medical evidence.  *Id.*

9        ALJ Duncan's RFC determination reflects a reasonable

10  interpretation of the medical evidence in its entirety, as well as

11  Plaintiff's credible testimony.   As discussed above, the ALJ

12  properly rejected Dr. Harveson's and Ms. Carolla's opinions that

13  Plaintiff was restricted to sedentary work.   He evaluated the

14  medical evidence in its entirety, gave his interpretation, and found

15  Plaintiff could do light work with specific limitations supported by

16  substantial evidence in the record and Plaintiff's credible

17  testimony.   At step five, the VE properly relied on the ALJ's

18  hypothetical, which reflects the final RFC determination, and

19  testified there is a significant number of jobs in the national

20  economy Plaintiff could perform.   (Tr. 23-24, 52-59.)   In his

21  decision, the ALJ specifically referenced representative occupations

22  Plaintiff would be able to perform.  (Tr. 23.)   The Commissioner,

23  thus, met his burden at step five.

24       Where, as here, there is evidence to support ALJ Duncan's

25  interpretation of the evidence, the court may not substitute its

26  judgment for that of the Commissioner.  *Sprague*, 812 F.2d at 1229-

27  30. Because the ALJ's reasoning is supported by substantial

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

1  evidence, his findings may not be disturbed.   Accordingly,

2      **IT IS ORDERED:**

3      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is

4  **DENIED;**

5      2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 22)** is

6  **GRANTED.**

7      The District Court Executive is directed to file this Order and

8  provide a copy to counsel for Plaintiff and Defendant. Judgment

9  shall be entered for Defendant, and the file shall be **CLOSED.**

10     DATED December 10, 2010.

11

12                    s/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18